IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dennis Grigsby,

    Plaintiff,

  v.                            Case No. 2:19-cv-4427

David Joseph Bosley,

    Defendant.

## ORDER

Plaintiff Dennis Grigsby, proceeding pro se, filed this action under 42 U.S.C. §1983, alleging that David Joseph Bosley, an assistant United States attorney, violated his civil rights in connection with his prosecution in the Southern District of Ohio for three counts of unarmed bank robbery under Case Number 2:10-cr-105. Plaintiff alleges that the defendant engaged in a civil conspiracy with the judge assigned to his criminal case and his defense counsel, that defendant obtained a rubber-stamped arrest warrant which was not based on probable cause, that defendant is liable for intentional infliction of emotional distress and malicious prosecution because the criminal case was dismissed, that plaintiff should have received a plea offer, and that he should have been sentenced to time served and released following the dismissal of his case here rather than being transferred to Indianapolis where additional criminal charges were pending against him. In a report and recommendation filed on January 29, 2020, the magistrate judge conducted an initial screen pursuant to 28 U.S.C. §1915(e)(2). The magistrate judge concluded that the allegations against defendant fell within the scope of absolute prosecutorial immunity, and recommended that the complaint be dismissed for

failure to state a claim upon which relief may be granted.

This matter is now before the court for consideration of the report and recommendation and plaintiff's objection. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). To survive a motion to dismiss, the "complaint must contain either

direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Id. A motion to dismiss pursuant to Rule 12(b)(6) will be granted if the claim shows on its face that relief is barred by an affirmative defense. Riverview Health Institute LLC v. Medical Mutual of Ohio, 601 F.3d 505, 512 (6th Cir. 2010). The defense of absolute immunity presents a legal question which can be raised by a motion to dismiss under Rule 12(b)(6). Bright v. Gallia County, Ohio, 753 F.3d 639, 648 (6th Cir. 2014). In ruling on the sufficiency of a complaint, courts may consider matters of public record or materials appropriate for the taking of judicial notice. New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003).

The public records of this court reveal that plaintiff was charged in Case Number 2:10-cr-105 with three counts of unarmed bank robbery. Following the return of the indictment on April 22, 2010, an arrest warrant was issued by the clerk on April 23, 2010. Plaintiff was found to be incompetent to stand trial, and the trial judge ordered that he be committed to the custody of the Attorney General for a determination of whether he could be restored to competency. After the evaluators informed the court that antipsychotic medication would be necessary to restore plaintiff to competency, the trial court held a Sell hearing and granted the government's motion for the involuntary administration of medication. That order was reversed by the Sixth Circuit Court of

3

Appeals, which noted that certain factors weighed against the government's interest in prosecution. Following remand, plaintiff's counsel filed a motion to dismiss the indictment and for defendant's release, and that motion was granted by the trial court.

As the magistrate judge noted, prosecutors are absolutely immune from liability for their actions that are "intimately associated with the judicial phase of the criminal process." Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009). Immunity may not apply if the prosecutor is not acting as an officer of the court. Id. At 342. However, prosecutors have absolute immunity from suits for malicious prosecution and for other actions, including appearances at court proceedings and grand jury hearings and the evaluation and presentation of evidence at pretrial and trial proceedings. Koubriti v. Convertino, 593 F.3d 459, 467 (6th Cir. 2020).

The court agrees with the determination of the magistrate judge that the alleged actions of the defendant were "intimately associated with the judicial phase of the criminal process." Van de Kamp, 555 U.S. at 341. Plaintiff's claims, including the alleged malicious prosecution based on the initiation of criminal proceedings in the 2010 bank robbery case, the alleged false arrest stemming from the warrant issued upon the return of the indictment, and the defendant's participation as government counsel at the arraignments and hearings held as part of the criminal prosecution, are barred by the doctrine of absolute prosecutorial immunity. See Buchanan v. Metz, 647 F. App'x 659, 668 (6th Cir. 2016)(false arrest claim properly dismissed based on prosecutorial immunity);

4

Howell v. Sanders, 668 F.3d 344, 351 (6th Cir. 2012)(prosecutor's decision to initiate a prosecution is protected by absolute immunity); Ghaith v. Rauschenberger, 493 F. App'x 731, 470 n. 4 (6th Cir. 2012)(prosecutors' actions as advocates at bond hearing shielded by absolute immunity); Cady v. Arenac Cty., 574 F.3d 334, 341 (6th Cir. 2009)(prosecutor's actions during plea bargaining warrant absolute immunity); Boettger v. Fairchild, No. 17-4048-DDC-KGS, 2017 WL 6371862, at *4 (D. Kan. Dec. 13, 2017)(prosecutor acted as an advocate at competency hearing, performing a function intimately associated with the judicial phase of the criminal process which is protected by absolute immunity).

Nothing in the plaintiff's objection convinces the court otherwise. Plaintiff argues that the government's evidence was not corroborated and that the charges against him were not supported by probable cause. He also summarily alleges for the first time that the defendant acted in a civil conspiracy with an FBI agent to arrest him without probable cause. These allegations all concern the defendant's involvement in initiating the criminal proceedings by presenting evidence to the grand jury and by securing an indictment which resulted in the issuance of an arrest warrant against plaintiff. Defendant's alleged actions were "intimately associated with the judicial phase of the criminal process." Van de Kamp, 555 U.S. at 341. Absolute prosecutorial immunity therefore applies.

In accordance with the foregoing, the court overrules plaintiff's objection (Doc. 7), and adopts the magistrate judge's report and recommendation (Doc. 6). The allegations in the complaint demonstrate that defendant is entitled to absolute

5

prosecutorial immunity.  The complaint is dismissed in its entirety for failure to state a claim upon which relief may be granted.

Date: February 21, 2020          _____s/James L. Graham_____
                                     James L. Graham
                                     United States District Judge